UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CONDRA SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19 CV 425 |
| | ) |
| CITIZENS TELECOM SERVICES | ) |
| COMPANY LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This order resolves a long-disputed issue in this case: whether settlement has occurred. For the reasons set forth below, the court finds that it has, and this case is closed.

## I.   BACKGROUND

As has now been repeatedly summarized in prior orders, a purported settlement in this employment discrimination case occurred after defendant Citizens Telecom Services Company LLC accepted an offer from plaintiff Condra Smith's then-attorney, Sarah Guffey, to settle this case for $102,000.00. (DE # 81-2 at 1.) Plaintiff has since contended that she did not consent to settlement and that she should not be held to the agreement formed between defendant and Guffey. (DE # 71.)

Defendant moved to enforce the settlement agreement, but no response to the motion was filed on plaintiff's behalf. (DE # 81.) The court granted the motion to enforce the settlement agreement on March 6, 2025, holding that "whether plaintiff actually authorized Guffey to settle the case or not, Guffey had the apparent authority

to do so and the settlement agreement Guffey negotiated with defense counsel is binding on plaintiff." (DE # 85 at 3.) Plaintiff filed a motion for relief from that order. (DE # 87.) Despite the relatively clear legal landscape, the court afford plaintiff the full benefit of the doubt, stayed any effects of its order, and referred this matter to Magistrate Judge Susan L. Collins for additional fact-finding and a report and recommendation under 28 U.S.C. § 636. (DE # 89.)

Upon Magistrate Judge Collins's retirement, the matter was undertaken by Magistrate Judge Andrew L. Teel, who accepted evidence and argument on September 8, 2025. (DE # 109.) Further evidence was filed after the hearing. (DE # 111.) Magistrate Judge Teel issued a report and recommendation on September 30, 2025. (DE # 118.) In that opinion, Magistrate Judge Teel recommended that the undersigned deny plaintiff's motion for relief from its order enforcing the settlement agreement. (*Id.*) Not only did Magistrate Judge Teel find no basis on which to recommend that this court overturn its finding that plaintiff's attorney possessed *apparent* authority for settlement purposes, he also thoroughly explained how the evidence submitted in connection with the hearing supported a finding that plaintiff's attorney also possessed *actual* authority to settle plaintiff's case. (*Id.*)

Plaintiff now objects to the report and recommendation under Federal Rule of Civil Procedure 72(a). (DE ## 121, 123.) Rule 72(a) requires that a district court "modify or set aside any part of [a Magistrate Judge's order] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). In her objection, plaintiff argues that she never

2

agreed to settle, attacks the evidence introduced at the hearing and thereafter, and contends that Magistrate Judge Teel was wrong to find that she lacked credibility. (*Id.*)

## II.   DISCUSSION

Ultimately, the question in this case is whether an agreement to settle this case for $102,000.00, reached between defendant and Guffy, plaintiff's then-counsel, is a valid and enforceable settlement agreement. As the court explained previously, when parties legally agree to settle a federal lawsuit, but one party backs out of the deal, the district court presiding over the lawsuit can enforce the agreement and enter the terms of the agreement as the judgment in the case. *See, e.g., Beverly v. Abbott Labs.*, 817 F.3d 328 (7th Cir. 2016); *Natare Corp. v. Aquatic Renovation Sys. Inc.*, 987 F. Supp. 695, 700 (S.D. Ind. 1997). Federal courts apply state law contract principles to motions to enforce a settlement agreement. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002). There can be no dispute that Indiana law governs the purported agreement in this case. Indiana "strongly favors settlement agreements" and "it is established law that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003).

In order to bind a client to a settlement, an attorney must have either actual, implied, or apparent authority, or must act according to the attorney's inherent agency power. *Koval v. Simon Telelect, Inc.*, 693 N.E.2d 1299, 1301 (Ind. 1998); *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000). Only actual and apparent authority

3

warrant discussion here. Under Indiana law, an attorney has apparent authority where actions of the client give the other contracting party the reasonable impression that the attorney has authority to enter into an agreement on behalf of the client. *Carr v. Runyan,* 89 F.3d 327, 331–32 (7th Cir. 1996). "[W]hen a party places an agent in the position of sole negotiator on his behalf, it may be reasonable for the third person to believe that the agent possesses authority to act for the principal." *Scott v. Randle,* 697 N.E.2d 60, 67 (Ind. Ct. App. 1998). On the other hand, actual authority "is created 'by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him so to act on the principal's account."' *Gallant Ins. Co. v. Isaac,* 751 N.E.2d 672, 675 (Ind. 2001) (quoting *Menard, Inc. v. Dage–MTI, Inc.,* 726 N.E.2d 1206, 1210 (Ind. 2000)).

In its prior order granting defendant's motion to enforce the settlement agreement, this court held that apparent authority existed in this case. The court compared this case to *Scott v. Randle,* 697 N.E.2d at 67, where the Court of Appeals of Indiana held that an attorney's apparent authority to enter into a settlement agreement between his client and the opposing party was established by the litigation's history, including the attorney's entry of an appearance and representation of his clients in various aspects of the case. *Id.* Because the history of the case demonstrated that the plaintiffs had placed their attorney "in the position of sole negotiator on [their] behalf," the opposing party could reasonably believe that the attorney possessed authority to act for them. *Id.*

4

The court concluded in its prior opinion, and reiterates now, that apparent authority exists in this case. Guffey appeared with plaintiff at an unsuccessful settlement conference, demonstrating that plaintiff outwardly placed Guffey "in the position of sole negotiator on [plaintiff's] behalf" with respect to subsequent settlement negotiations. *Scott,* 697 N.E.2d at 67. As the court held previously, whether plaintiff actually authorized Guffey to settle the case or not, Guffey had the apparent authority to do so, and the settlement agreement Guffey negotiated with defense counsel is binding on plaintiff.

Plaintiff has made no arguments that the court's finding regarding apparent authority should be disturbed, nor could she. Further, Magistrate Judge Teel made no recommendation that this court alter its prior holding on the existence of apparent authority. Indeed, the majority of Magistrate Judge Teel's report and recommendation consists of a well-reasoned and thoughtful analysis regarding Guffey's actual authority to settle this case on plaintiff's behalf. *All* of plaintiff's objections – including her arguments that the court should have found her credible and should not have accepted evidence after the hearing – relate to Magistrate Judge Teel's recommendation that the court find that Guffey possessed actual authority. Thus, even if all of plaintiff's objections to Magistrate Judge Teel's report and recommendation were sustained, the court would still conclude – as it did previously – that Guffey possessed apparent authority to settle this case.

Further, the court concludes – as it did previously – that the settlement agreement in this case constitutes an enforceable contract. This finding is in agreement

5

with Magistrate Judge Teel's report and recommendation. To reiterate, a settlement agreement, like any other contract, is valid when it is based upon an offer, acceptance and consideration. *Zimmerman v. McColley,* 826 N.E.2d 71, 75–76 (Ind. Ct. App. 2005). There is no question that all of the elements required to form a valid contract under Indiana law were met in this case. It is beyond dispute that Guffey offered, on plaintiff's behalf, to dismiss this case in exchange for $102,000.00 from defendant. (DE # 81-2 at 1.) Defendant accepted. (*Id.*) The agreement contained all essential terms (namely, the amount to be paid by defendant to plaintiff). *Wolvos v. Meyer,* 668 N.E.2d 671, 675 (Ind. 1996). This agreement is valid and enforceable.

### III.  CONCLUSION

As Magistrate Judge Teel aptly stated, plaintiff's efforts to avoid enforcement of this settlement "have wasted the resources of this Court and must come to an end." (DE # 118 at 1.) Therefore, the court **ADOPTS** Magistrate Judge Teel's report and recommendation to the extent explained herein. (DE # 118.) Plaintiff's objections to the report and recommendation are **OVERRULED as moot.** (DE ## 121, 123.) Plaintiff's motion for relief from judgment is **DENIED.** (DE # 87.) The stay previously imposed upon enforcement of the court's prior order is now **LIFTED**. (DE # 89.) The court reiterates that defendant's motion to enforce the settlement agreement has been **GRANTED.** (DE # 81.) The Clerk is ordered to **ENTER FINAL JUDGMENT** in this case as follows:

> "Judgment is entered against defendant Citizens Telecom Services Company LLC and in favor of plaintiff Condra Smith in the amount of $102,000.00."

Finally, pursuant to 28 U.S.C. § 636, the court **REFERS** this case to Magistrate Judge Andrew L. Teel for all non-dispositive post-judgment matters.

## SO ORDERED.

Date: November 6, 2025

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT